McKinney, L,
delivered the opinion of the court.
The question in this cause is in relation to the construction of a part of the will of Martha Cook.
In the ninth clause, the testatrix declares her “ intention to provide for the personal comfort and independence of her daughter, Martha W. Keeble, during her natural life.” The will sets apart, to this end, a tract of land, four slaves, other personal property and money, and then proceeds as follows :
“ But it is my will and intention, that all the property, real and personal, and all the money herein set apart for her, the said Martha W., shall be for her sole and separate use, during her natural life, free from any debts or charges of any future husband she may have. My object is, to make a provision for her, and not to postpone her interests to those of my remote descendants; and if, for any cause, it becomes necessary for her ease and comfort, to use any portion of the principal of the property and money herein set apart for her, it is my wish, that it should be done. It is my wish that she should have the full use and enjoyment of all this property and money during her natu'ral life; and if she marries again, and has other children, or dies, leaving those only she now has, in either event, it is my will that the property and money, or the part remaining after providing for her in the manner herein declared, shall go to her children, or their descendants according to the statutes of descents and distribution of Tennessee.” Mrs. Keeble has since intermarried with the defendant, Joseph C. Rye; and it is now insisted on her behalf, that, under the foregoing clauses she takes an absolute estate in the property devised.
*191 In the determination of this cause, we have not thought it necessary to enter into an examination of the cases to which we have been referred. Although there may be some discrepancy in the decisions, owing, perhaps to the different force and effect given to particular words and phrases, by different judges, as indicating an intention to confer a general power of disposal upon the first taker, or the contrary; yet, all the authorities agree, that it is a question of intention, and that every case mast depend very much upon its own particular facts.
There can be no question that, although the interest of the first taker be, in terms, limited to an estate for life, yet if there be superadded words, conferring an unlimited power of disposal, it will be considered as equivalent to an absolute gift of the property, because such unlimited power of disposition, is incompatible with the limitation over in remainder.
But it is equally clear, that where the power of disposal is limited, and made to depend upon a contingency, the first taker has no power of disposition till the contingency happens.
In such case, the property can only be disposed of, in execution of the power expressly conferred; and it need scarcely be added, that should the contingency never happen, the power cannot be executed.
The assumption that the clause of the will under consideration confers any such unlimited power of disposal is wholly unfounded. The intention of Mrs. Cook is too obvious to admit of any doubt. Her purpose was to make a comfortable provision for her daughter during life, in every event that might happen. In this view, she appropriated an amount of property, the use or increase of which, unless in the event of some change in the condition of her daughter, or of the pi'op-erty, she manifestly regarded as amply sufficient for that purpose. But yet, foresaw that in possible events, it might turn out to be otherwise, and her daughter’s comfort being the first *192 and chief object of her solicitude, which she intended to secure in every event, and not to make subordinate to the interests of those in remainder; her intention was, thatif, in the future, the use or increase of the property should prove to be insufficient from any cause, to furnish Mrs. Keeble with the provision designed for her, the corpus might be resorted to, so far as necessary to supply the deficiency, but only such in event, and only to the extent the necessity might require.
In the absence of this limited power of disposal, the daughter would have been restricted to the mere use of the property during life ; although by reason of the death of the slaves, or in other contingencies, the income might turn out to be wholly inadequate to supply her with the means of a comfort-, able support.
For such an altered state of things, and against all such contingencies, the testatrix intended to provide; and hence the power was conferred to resort to “ the principal of the' property,” should it become “necessary for her ease and comfort.” But the provision, it must be borne in mind, is merely a qualification of, or exception to, the general restraint upon the power of alienation, which, otherwise would have been absolute ; and it must, therefore, be limited by the purpose for which it was annexed. It is certainly perfectly consistent with the general restriction upon the life owner, and equally consistent with the limitation over, which vests in remainder, subject to be divested as far forth, as upon the happening of the contingency, necessity may demand.
This qualification, or exception so far from conferring an unlimited power of disposal, the more clearly excludes all idea of such intention.
We hold, therefore, that under the foregoing clause of the will, Mrs. Keeble takes only a life estate, with a limited power of disposal, upon the happening of the contingency referred to in the will. See 1, Pick. Rep., 317, 325.
*193 The decree of the Chancellor will be modified in accordance with the view herein expressed.